**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LADARIUS HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| VILLAGE OF FORD HEIGHTS, SHERIFF OF COOK | ) |
| COUNTY, SHERIFF TOM DART, In his Individual | ) |
| and Official Capacity, DETECTIVE DANIEL BURKE, | ) |
| Star No. 961, In his Individual and Official Capacity, | ) |
| COOK COUNTY, FORMER COOK COUNTY | ) |
| STATES ATTORNEY ANITA ALVAREZ, In her | ) Jury Trial Demanded |
| Individual and Official Capacity, COOK COUNTY | ) |
| STATES ATTORNEY KIM FOXX, In her Individual | ) |
| and Official Capacity, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

NOW COMES the Plaintiff, LADARIUS HARRIS, by and through his attorneys, OTUBUSIN & ASSOCIATES, P.C., and complaining of Defendants, VILLAGE OF FORD HEIGHTS, SHERIFF OF COOK COUNTY, SHERIFF TOM DART, In his Individual and Official Capacity, DETECTIVE DANIEL BURKE, Star No. 961, In his Individual and Official Capacity, COOK COUNTY, FORMER COOK COUNTY STATES ATTORNEY ANITA ALVAREZ, In her Individual and Official Capacity, COOK COUNTY STATES ATTORNEY KIM FOXX, In her Individual and Official Capacity, states as follows:

Page **1** of **18**

**Cause of Action**

1. This action is brought pursuant to 42 U.S.C. §1983, the U.S. Constitution, the Laws of the State of Illinois and the Illinois Constitution, et seq. to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2. Specifically, as a result of the egregious misconduct by law enforcement, Plaintiff Ladarius Harris, was wrongfully arrested for a heinous crime he did not commit regarding the murder of Ephrom Jones and Cyrus Johnson in Ford Heights, Illinois on November 2, 2014.

3. On December 2, 2014, the Cook County Sheriffs came into his home without a warrant while he was home alone with his three (3) minor nieces and nephews, guns to their heads, snow on the ground, took him out in T-Shirt and shorts and barefoot, terrorized him and his niece and nephews, and kept him awake and interrogated him for over forty-eight (48) hours about drugs and gangs and the shooting.

4. Plaintiff was charged by the Cook County Sherriff's Department and the Cook County State's Attorney Anita Alvarez with fifty-three (53) counts of murder, attempted murder and aggravated discharge of a weapon for the murder of Ephrom Jones and Cyrus Johnson.

5. The first degree murder of Ephrom Jones was signed by Detective Daniel Burke, Star No. 961.

6. The first degree murder of Cyrus Johnson was signed by Detective Burke.

7. Bond was set at three million dollars ($3,000,000.00).

8. There was no physical evidence against Ladarius Harris linking him to these murders.

9. The Cook County Sheriff's Department and the Cook County State's Attorney's Office had the real shooters in custody and they were released.

10.     At the time that these false charges were brought against him, he was attempting to pursue a GED at Prairie State College where he tested at grade school levels for reading and comprehension, having only completed the 9th grade.

11.     Detective Burke made numerous statements to the Plaintiff's mother and sisters, acknowledging that he knew the Plaintiff was innocent.

12.     Detective Burke stated to the Plaintiff's mother, "I can look in his eyes and see that he didn't kill anybody" but "your son's hanging around with the wrong guys. I'm sorry for your loss."

13.     Detective Burke knew the Plaintiff was innocent, but due to his lack of cooperation, he stated that he would "just have to fight it in court" with total disregard for the irreversible damage he was causing and caused this young man's life and his family.

14.     The Cook County State's Attorney's Office knew almost a year ago that the Plaintiff was not guilty.

15.     The Cook County State's Attorney's Office continued to let this young man sit in maximum security jail knowing that he was not guilty.

16.     As a further result of the egregious misconduct by law enforcement, Plaintiff Ladarius Harris was permanently and severely injured.

17.     The Plaintiff's mother was in good health until her son was falsely arrested, accused, and incarcerated and due to the stress of her son and on her family due to this injustice, she now has congestive heart failure, requires 24/7 oxygen tank, and has anxiety.

18.     He was held in maximum security at the Cook County Department of Corrections where he was kept like a caged animal on lock down 23 out of 24 hours most days.

19.   He was abused in jail, hit in the face with a dinner tray, constantly threatened by other inmates and made to live in fear for his safety and the safety of his family every day.

20.   He was subjected to rats and roaches and mold and contacted an eye infection.

21.   He had to have surgery performed on his eyes while in the custody of the Cook County Department of Corrections.

22.   He was already disabled with pins in his legs, has only 9th grade education, has no substantial criminal background and had never been in jail.

23.   He was a vegetarian when he went into jail but was forced to eat baloney sandwiches.

24.   He spent about two and half (2.55) years or nine hundred and four (904) days in maximum security for a crime he did not commit and all these Defendants knew that he did not commit the crime.

## Jurisdiction and Venue

25.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1343(a); the Constitution of the United States; and supplemental jurisdiction as codified in 28 U.S.C. §1367(a).

26.   Venue is proper pursuant to 28 U.S.C. §1391 (b). All parties reside in the judicial district, and the events giving rise to the claims asserted herein occurred within the district.

## The Parties

27.   Plaintiff, Ladarius Harris (hereinafter referred to as "Plaintiff"), was at all relevant times a citizen of the United States and a resident of Cook County, Illinois.

28.   Defendant Village of Ford Heights is a governmental municipal entity within the State of Illinois. Village of Ford Heights is a necessary party to this lawsuit.

29. Defendant Anita Alvarez (hereinafter referred to as "Defendant Alvarez), was the former Cook County State's Attorney during the relevant period giving rise to this cause of action, and is sued in her individual and official capacity.

30. Defendant Kim Foxx (hereinafter referred to as "Defendant Foxx), is the current Cook County State's Attorney during the relevant period giving rise to this cause of action, and is sued in her individual and official capacity.

31. Defendant Cook County Sheriff's Department is a governmental entity within the State of Illinois and currently administers all law enforcement and police duties for the Village of Ford Heights. Defendant Cook County Sheriff's Department is a necessary party to this lawsuit.

32. Defendant Tom Dart was, at all times relevant herein, the Sheriff of Cook County. As the duly elected Sheriff of Cook County, Sheahan operates in his official capacity as the Cook County Sheriff's Office (the "Sheriff's Office"). He is also the Warden of the Cook County Department of Corrections (the "CCDOC"), where he was given custody and charge of Ladarius Harris and was responsible for Ladarius Harris' protection, as well as for the hiring, training and supervision of all personnel necessary to operate and maintain the CCDOC. He is sued in his individual and official capacity.

33. Defendant Daniel Burke, Star No. 961 was, at all times relevant herein a Sheriff in the Cook County Sheriff's Department and was an agent of the Cook County Sheriff's Department. He is sued in his individual and official Capacity,

34. Defendant Cook County is a governmental entity within the State of Illinois and existing under the laws of the State of Illinois. Cook County is a necessary party to this lawsuit.

35. At all times relevant to this action, each of the named Defendants acted within the scope of his or her employment, and under color of the laws, regulations and customs of the State of Illinois. Each Defendant's actions constituted "state action" as defined under federal law.

## FACTUAL BACKGROUND

36. On November 2, 2014, the CCDOC police along with other agencies came into Plaintiff's home with guns drawn on everyone and forcibly took him out barefoot.

37. Children present crying and screaming, and had to witness the Plaintiff's arrest.

38. There was no physical evidence against him, no confession, and others named as the shooter.

39. Yet, the Plaintiff spent 904 days in jail in maximum security for a crime he did not commit and the Defendants knew he did not commit that crime.

40. Plaintiff is traumatized and can barely speak of the ordeal.

41. Plaintiff fears they will come back again and drag him out of his home and falsely accuse him of other crimes.

## EXONORATION OF LADARIUS HARRIS

42. On May 26, 2017, on the motion of the State, the Circuit Court of Cook County dismissed the murder charges against Ladarius Harris.

43. Prior to May 26, 2017, all the Defendants knew he did not commit that crime.

## INCARCERATION

44. Plaintiff was incarcerated at CCDOC for nine hundred and four (904) days and a total of twenty-one thousand, six hundred and ninety-six (21,696) hours.

## POST ARREST PUBLICITY

45.    After the arrest of Plaintiff, a whole series of damaging statements were released by Defendant Cook County Sheriff and were published by various news media including CBS, NBC, ABC, WGN, FOX News, Chicago Tribune and Chicago Sun-Times.

46.    One of the most damaging statements made by Defendant Sheriff was that, "Harris was arrested Tuesday at a home in Chicago Heights after sheriff's police identified him as the shooter in a double homicide. . ." Chicago Sun-Times, December 4, 2014. This statement defamed the Plaintiff.

## FALSE POLICE REPORTS
## REGARDING LADARIUS HARRIS

47.    Defendant Detectives prepared false police reports which led State's Attorney Alvarez to continue the prosecution of the Plaintiff.

48.    Defendants Burke and other unknown Sheriffs and Detectives, working individually and together, prepared false reports in which they falsely charged Plaintiff with a crime he did not commit and failed to record their physical and psychological coercion and "conscience-shocking" actions toward the Plaintiff in their custody, and their charges had been concocted by them and were false. Some of their notes from the investigation and their interrogation of Plaintiff were destroyed, in violation of 725 ILCS 5-114/13.

49.    There was no physical evidence connecting the Plaintiff to the double murders. The failure of the Defendant prosecutors to dismiss the charges against the Plaintiff despite knowing that he was innocent of the charges demonstrates their complicity in framing an innocent man.

## COUNT I
### (Due Process - 42 U.S.C. § 1983)

1-49. Plaintiff realleges, restates and incorporates by reference, paragraphs 1-49 of this Complaint as and for paragraphs 1-49 of this Count I.

50. Defendants, acting under color of law and within the scope of their employment, deprived Plaintiff of his constitutional right to due process. Each of the defendants deliberately fabricated false statements and deliberately obstructed justice, thereby causing the false arrest of Plaintiff, causing him to be falsely imprisoned, prosecuted and in the case of Defendant Sheriff TOM DART, defamed the Plaintiff.

51. Defendants, while acting under color of law and within the scope of their employment, deprived the Plaintiff of his constitutional right to due process. Absent this misconduct, the arrest and prosecution of the Plaintiff could not and would not have been pursued and the criminal charges would have been dismissed at the inception of this case.

52. As a result of the violation of his constitutional right to due process, the Plaintiff, suffered and continues to suffer injuries.

53. The misconduct that occurred in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

WHEREFORE, the Plaintiff LADARIUS HARRIS, respectfully requests that this Court enter Judgment in his favor and against Defendants VILLAGE OF FORD HEIGHTS, SHERIFF OF COOK COUNTY, SHERIFF TOM DART, DETECTIVE DANIEL BURKE, COOK COUNTY, FORMER COOK COUNTY STATES ATTORNEY ANITA ALVAREZ, COOK COUNTY STATES ATTORNEY KIM FOXX, COOK COUNTY, awarding compensatory damages, costs, and attorney's fees and because Defendants DART, BURKE, ALVAREZ and FOXX acted maliciously, willfully,

wantonly and with reckless disregard for Plaintiff's constitutional rights, for substantial punitive damages as well as any other relief this Court deems just and appropriate.

## COUNT II
### (False Arrest - 42 U.S.C. § 1983)

1-49.   Plaintiff realleges, restates and incorporates by reference, paragraphs 1-49 of this Complaint as and for paragraphs 1-49 of this Count II.

50.   Plaintiff was improperly seized and arrested by Defendants without legitimate probable cause.  Plaintiff was denied liberty without justification in violation of the Constitution.

51.   As a result of the above described wrongful infringement of Plaintiff's rights, Plaintiff has suffered damages, including, but not limited to, substantial mental distress and anguish.

52.   The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of the Plaintiff.

WHEREFORE, the Plaintiff LADARIUS HARRIS, respectfully requests that this Court enter Judgment in his favor and against Defendants VILLAGE OF FORD HEIGHTS, SHERIFF OF COOK COUNTY, SHERIFF TOM DART, DETECTIVE DANIEL BURKE, COOK COUNTY, FORMER COOK COUNTY STATES ATTORNEY ANITA ALVAREZ, COOK COUNTY STATES ATTORNEY KIM FOXX, COOK COUNTY, awarding compensatory damages, costs, and attorney's fees and because Defendants DART, BURKE, ALVAREZ and FOXX acted maliciously, willfully, wantonly and with reckless disregard for Plaintiff's constitutional rights, for substantial punitive damages as well as any other relief this Court deems just and appropriate.

## COUNT III
### (Malicious Prosecution - State Law Claim)

1-49. Plaintiff realleges, restates and incorporates by reference, paragraphs 1-49 of this Complaint as and for paragraphs 1-49 of this Count III.

50. Defendants, individually and/or jointly and in conspiracy, initiated and/or continued a malicious prosecution against the Plaintiff, all without probable cause. Defendants were each instrumental in the initiation and perpetuation of the prosecution of the Plaintiff. These Defendants each acted with malice.

51. The Plaintiff was incarcerated at CCDOC for nine hundred and four (904) days and a total of twenty-one thousand, six hundred and ninety-six (21,696) hours.

52. Defendants are liable for malicious prosecution because it was proximately caused by their unlawful actions as set forth above.

53. These actions directly and proximately caused the injuries and damages to the Plaintiff as claimed above, and constitute the tort of malicious prosecution under Illinois law.

WHEREFORE, the Plaintiff LADARIUS HARRIS, respectfully requests that this Court enter Judgment in his favor and against Defendants VILLAGE OF FORD HEIGHTS, SHERIFF OF COOK COUNTY, SHERIFF TOM DART, DETECTIVE DANIEL BURKE, COOK COUNTY, FORMER COOK COUNTY STATES ATTORNEY ANITA ALVAREZ, COOK COUNTY STATES ATTORNEY KIM FOXX, COOK COUNTY, awarding compensatory damages, costs, and attorney's fees and because Defendants DART, BURKE, ALVAREZ and FOXX acted maliciously, willfully, wantonly and with reckless disregard for Plaintiff's constitutional rights, for substantial punitive damages as well as any other relief this Court deems just and appropriate.

## COUNT IV
### (Intentional Infliction of Emotional Distress - State Law Claim)

1-49. Plaintiff realleges, restates and incorporates by reference, paragraphs 1-49 of this Complaint as and for paragraphs 1-49 of this Count IV.

50. The acts and conduct of Defendants set forth above were extreme and outrageous. The Defendants intended to cause, or were in reckless disregard of the probability that their conduct would cause severe emotional distress to the Plaintiff.

51. Said actions and conduct did directly and proximately cause severe emotional distress to the Plaintiff.

52. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of the Plaintiff.

53. As a proximate result of Defendants' wrongful acts, Plaintiff suffered damages, including severe emotional distress and anguish.

WHEREFORE, the Plaintiff LADARIUS HARRIS, respectfully requests that this Court enter Judgment in his favor and against Defendants VILLAGE OF FORD HEIGHTS, SHERIFF OF COOK COUNTY, SHERIFF TOM DART, DETECTIVE DANIEL BURKE, COOK COUNTY, FORMER COOK COUNTY STATES ATTORNEY ANITA ALVAREZ, COOK COUNTY STATES ATTORNEY KIM FOXX, COOK COUNTY, awarding compensatory damages, costs, and attorney's fees and because Defendants DART, BURKE, ALVAREZ and FOXX acted maliciously, willfully, wantonly and with reckless disregard for Plaintiff's constitutional rights, for substantial punitive damages as well as any other relief this Court deems just and appropriate.

## COUNT V
### (False Imprisonment - State Law Claim)

1-49. Plaintiff realleges, restates and incorporates by reference, paragraphs 1-49 of this Complaint as and for paragraphs 1-49 of this Count V.

50. All Defendants, individually and/or jointly and in conspiracy, falsely imprisoned the Plaintiff without probable cause.

51. All Defendants are liable for this false imprisonment, because it was proximately caused by their unlawful actions as set forth above.

52. The false imprisonment of the Plaintiff at CCDOC continued from November 2, 2014 to May 26, 2017 for nine hundred and four (904) days and a total of twenty-one thousand, six hundred and ninety-six (21,696) hours.

53. As a result of the wrongful acts of the Defendants in falsely imprisoning the Plaintiff, he has suffered the injuries and damages as set forth above.

WHEREFORE, the Plaintiff LADARIUS HARRIS, respectfully requests that this Court enter Judgment in his favor and against Defendants VILLAGE OF FORD HEIGHTS, SHERIFF OF COOK COUNTY, SHERIFF TOM DART, DETECTIVE DANIEL BURKE, COOK COUNTY, FORMER COOK COUNTY STATES ATTORNEY ANITA ALVAREZ, COOK COUNTY STATES ATTORNEY KIM FOXX, COOK COUNTY, awarding compensatory damages, costs, and attorney's fees and because Defendants DART, BURKE, ALVAREZ and FOXX acted maliciously, willfully, wantonly and with reckless disregard for Plaintiff's constitutional rights, for substantial punitive damages as well as any other relief this Court deems just and appropriate.

## COUNT VI
### (Defamation - State Law Claim)

1-49. Plaintiff realleges, restates and incorporates by reference, paragraphs 1-49 of this Complaint as and for paragraphs 1-49 of this Count VI.

50. In causing the arrest and imprisonment of the Plaintiff, Sheriff Tom Dart made false statements about the Plaintiff.

51. Sheriff Dart represented to the public that the Plaintiff committed double murders of Ephrom Jones and Cyrus Johnson on November 2, 2014 and that an eye-witness' identification tied the Plaintiff to the crime.

52. Defendant Sheriff Dart caused these statements to be widely published in the media including but not limited to CBS, NBC, ABC, WGN, FOX News, Chicago Tribune and Chicago Sun-Times.

53. Defendant Sheriff Dart made the aforesaid statements with malice, knowing they were false.

54. The actions of Defendant Sheriff Dart in making false statements about the Plaintiff, and in publishing said statements were a direct and proximate cause of Plaintiff's injuries and damages as more fully set forth in this Complaint.

WHEREFORE, the Plaintiff LADARIUS HARRIS, respectfully requests that this Court enter Judgment in his favor and against Defendant SHERIFF TOM DART awarding compensatory damages, costs, and attorney's fees along with punitive damages as well as any other relief this Court deems just and appropriate.

## COUNT VII
### (Conspiracy)

1-49. Plaintiff realleges, restates and incorporates by reference, paragraphs 1-49 of this Complaint as and for paragraphs 1-49 of this Count VII.

50. Defendants together reached an understanding, engaged in a course of conduct, and otherwise jointly acted and/or conspired among and between themselves to falsely arrest and imprison and to intentionally inflict severe emotional distress on the Plaintiff.

51. In furtherance of this conspiracy or conspiracies, Defendants named above committed the overt acts set forth above including, but not limited to, the wrongful imprisonment and prosecution of the Plaintiff, of knowingly concealing exculpatory evidence about the Plaintiff, including but not limited to, the making of knowing misstatements and the presentation of this knowingly false and incomplete evidence to prosecutors and the filing of false and incomplete statements and reports.

52. Said conspiracy or conspiracies and overt acts were continued from November 2, 2014 to May 26, 2017.

53. Defendants' acts, as set forth above, in jointly and/or conspiring together to falsely imprison, maliciously prosecute and intentionally inflict emotional and physical distress on the Plaintiff, constitute the tort of conspiracy.

54. This conspiracy proximately caused the injuries to the Plaintiff as set forth above.

WHEREFORE, the Plaintiff LADARIUS HARRIS, respectfully requests that this Court enter Judgment in his favor and against Defendants VILLAGE OF FORD HEIGHTS, SHERIFF OF COOK COUNTY, SHERIFF TOM DART, DETECTIVE DANIEL BURKE, COOK COUNTY, FORMER COOK COUNTY STATES ATTORNEY ANITA ALVAREZ, COOK COUNTY STATES ATTORNEY KIM FOXX,

COOK COUNTY, awarding compensatory damages, costs, and attorney's fees and because Defendants DART, BURKE, ALVAREZ and FOXX acted maliciously, willfully, wantonly and with reckless disregard for Plaintiff's constitutional rights, for substantial punitive damages as well as any other relief this Court deems just and appropriate.

### COUNT VIII
### (745 ILCS 10/9-102 – Indemnification – Village of Ford Heights)

1-49. Plaintiff realleges, restates and incorporates by reference, paragraphs 1-49 of this Complaint as and for paragraphs 1-49 of this Count VIII.

50. Defendant VILLAGE OF FORD HEIGHTS has an obligation to indemnify the Sheriff of Cook County Department and Sheriff Tom Dart for the acts of the Sheriffs and individual defendants as the individual defendants were at all times relevant, employees of the Sheriff of Cook County and Sheriff Dart was an apparent agent of the Village of Ford Heights.

51. The individual defendants were at all times relevant acting within the course and scope of their employment.

WHEREFORE, pursuant to 745 ILCS 10/9-102, Plaintiff LADARIUS HARRIS demands judgment against the VILLAGE OF FORD HEIGHTS in the amounts awarded to LADARIUS HARRIS against the individual Defendants by way of judgment or settlement, including any and all amounts awarded for damages, and costs, and attorney's fees.

### COUNT IX
### (745 ILCS 10/9-102 – Indemnification – Cook County)

1-49. Plaintiff realleges, restates and incorporates by reference, paragraphs 1-49 of this Complaint as and for paragraphs 1-49 of this Count IX.

50. Defendant COOK COUNTY has an obligation to indemnify the State's Attorney and the Cook County Sheriff for the acts of the State's Attorney and the Cook County Sheriff as the State's Attorney and the Cook County Sheriff were at all times relevant, employees of Cook County and Defendants Anita Alvarez, Kim Foxx and Sheriff Tom Dart were apparent agents of the Cook County State's Attorney Office and Cook County Sheriff's Department respectively.

51. The individual defendants were at all times relevant acting within the course and scope of their employment.

WHEREFORE, pursuant to 745 ILCS 10/9-102, Plaintiff LADARIUS HARRIS demands judgment against COOK COUNY in the amounts awarded to LADARIUS HARRIS against the individual Defendants by way of judgment or settlement, including any and all amounts awarded for damages, and costs, and attorney's fees.

## COUNT X
### (Respondeat Superior - State Law Claim – Village of Ford Heights)

1-49. Plaintiff realleges, restates and incorporates by reference, paragraphs 1-49 of this Complaint as and for paragraphs 1-49 of this Count X.

50. In committing the acts above, each of the Defendants were members of and/or agents of, the VILLAGE OF FORD HEIGHTS acting at all relevant times within the scope of their employment.

51. Defendants VILLAGE OF FORD HEIGHTS is liable as a principle for all torts committed by its agents.

WHEREFORE, Plaintiff LADARIUS HARRIS demands judgment against the VILAGE OF FORD HEIGHTS in the amounts awarded to the Plaintiff by way of judgment

or settlement, including any and all amounts awarded for damages, and costs, and attorney's fees.

## COUNT XI
### (Respondeat Superior - State Law Claim – Cook County)

1-49. Plaintiff realleges, restates and incorporates by reference, paragraphs 1-49 of this Complaint as and for paragraphs 1-49 of this Count XI.

50. In committing the acts above, each of the Defendants were members of and/or agents of, the COOK COUNTY acting at all relevant times within the scope of their employment.

51. Defendant COOK COUNTY is liable as a principle for all torts committed by its agents.

WHEREFORE, Plaintiff LADARIUS HARRIS demands judgment against COOK COUNTY in the amounts awarded to the Plaintiff by way of judgment or settlement, including any and all amounts awarded for damages, and costs, and attorney's fees.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

**LADARIUS HARRIS**

By: ____/s/ Paul O. Otubusin_____
      One of His Attorneys

Dated: June 2, 2017

Paul O. Otubusin, Esq.
ARDC No: 6205261
OTUBUSIN & ASSOCIATES, P.C.
77 West Washington Street
Suite 1204
Chicago, Illinois 60602
E-mail: drotubusin@otubusinlaw.com
(312) 251-1480
(312) 251-1481 (Fax)