**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LADARIUS HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17 C 4184 |
| | ) |
| SHERIFF OF COOK COUNTY COUNTY, | ) |
| SHERIFF TOM DART, DETECTIVE DANIEL | ) Judge Charles P. Kocoras |
| BURKE, ASSISTANT STATE'S ATTORNEY | ) |
| GERARDO TRISTAN, ASSISTANT STATE'S | ) **Jury Trial Demanded** |
| ATTORNEY JASON COELHO and COOK | ) |
| COUNTY, | ) |
| | ) |
| Defendants. | ) |

_____

**SECOND AMENDED COMPLAINT**
_____

The Plaintiff, LADARIUS HARRIS, by and through his attorneys, OTUBUSIN &

ASSOCIATES, P.C., and for his Complaint against Defendants SHERIFF OF COOK

COUNTY COUNTY, SHERIFF TOM DART, DETECTIVE DANIEL BURKE, ASSISTANT

STATE'S ATTORNEY GERARDO TRISTAN, ASSISTANT STATE'S ATTORNEY JASON

COELHO and COOK COUNTY, states as follows:

**INTRODUCTION**

1. On May 26, 2017, on the State's motion, the Circuit Court of Cook County

   dismissed the double murder charges against Ladarius Harris.

2. Harris spent nine hundred and four (904) days and a total of twenty-one thousand,

   six hundred and ninety-six (21,696) hours as an innocent, pre-trial detainee in a

   maximum security jail at Cook County Department of Corrections where he was

   subjected to and had to endure horrible conditions.

3. On December 2, 2014, the Cook County Deputy Sheriffs came into his home without a warrant while he was home alone with his three (3) minor nieces and nephews, guns to their heads, snow on the ground, took him out in a T-shirt and shorts and barefoot, terrorized him, his nieces and nephews, and kept him awake and interrogated him for over forty-eight (48) hours about drugs, gangs and the shooting.

4. Harris was charged by the Cook County Sheriff's Department and Cook County State's Attorney Office with fifty-three (53) counts of murder, attempted murder and aggravated discharge of a weapon for the murder of Ephrom Jones and Cyrus Johnson.

5. Harris' indictment was secured through the unreliable and unlawfully obtained accounts of some alleged witnesses to the murder which were fabricated by the Cook County Sheriff's Department and Cook County State's Attorney Office. The accounts of these testimonies were contradicted by the physical evidence and later recounted by these same witnesses.

6. Harris now brings this lawsuit seeking compensation for the injuries he suffered because of the violations of his civil rights that occurred between December 2, 2014 and March 26, 2017.

7. The misconduct of Detective Burke and the Sheriff of Cook County Department in the Harris' case is a common occurrence in the Sheriff of Cook Department where the Sheriff of Cook County Department has brought charges against innocent citizens for crimes they have not committed.

8. The Cook County State's Attorney's Office was complicit in seeking an indictment

for crimes Harris did not commit based on the shoddy investigation by the Sheriff of Cook County Department who fabricated evidence against Harris and their participation in also fabricating this evidence.

## JURISDICTION AND VENUE

9. This action is brought pursuant to 42 U.S.C. §1983, the U.S. Constitution and the laws of the State of Illinois to redress the deprivation of Plaintiff's rights as secured by the United States Constitution and the Illinois State Constitution.

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1343(a); the Constitution of the United States; and supplemental jurisdiction as codified in 28 U.S.C. §1367(a).

11. Venue is proper pursuant to 28 U.S.C. §1391 (b)(2). All parties reside in this judicial district and the events giving rise to the claims asserted by the Plaintiff occurred within this judicial district. Venue is also proper in this district under 28 U.S.C. §1391(c)(2) because the Court has personal jurisdiction over all the defendants.

## THE PARTIES

12. Harris is 24 years old and currently resides in Park Forest, Illinois. At the time that these false charges were brought against Harris, he was attempting to pursue a GED at Prairie State College where he tested at grade school levels for reading and comprehension, having only completed the 9th grade.

13. Defendant Cook County Sheriff's Department is a governmental entity within the State of Illinois and currently administers all law enforcement and police duties for the Village of Ford Heights. Defendant Cook County Sheriff's Department is a

necessary party to this lawsuit.

14.     Defendant Tom Dart was, at all times relevant herein, the Sheriff of Cook County. As the duly elected Sheriff of Cook County, Dart operates in his official capacity as the Cook County Sheriff's Office (hereinafter the "Sheriff"). He is also the Warden of the Cook County Department of Corrections (the "CCDOC"), where he was given custody and charge of Harris and was responsible for Harris' protection, as well as for the hiring, training and supervision of all personnel necessary to operate and maintain the CCDOC.

15.     Defendant Daniel Burke was, at all times relevant herein, a deputy Sheriff in the Cook County Sheriff's Department and was an agent of the Cook County Sheriff's Department.  He is sued in his individual capacity.  He acted under color of law, and acted within the scope of his employment during the investigation of the double murders herein.

16.     Defendant Gerardo Tristan was an Assistant State's Attorney ["ASA"] and a prosecutor with the Cook County State's Attorney's Office ["CCSAO"] who undertook investigatory actions during the investigation of the double murders herein.  He is sued in his individual capacity.  He acted under color of law, and acted within the scope of his employment during the investigation of the double murders herein.

17.     Defendant Jason Coelho was an ASA and a prosecutor with CCSAO who undertook investigatory actions during the investigation of the double murders herein.  He is sued in his individual capacity.  He acted under color of law, and acted within the scope of his employment during the investigation of the double murders herein.

18. Defendant Cook County is a governmental entity within the State of Illinois and existing under the laws of the State of Illinois. Cook County is a necessary party to this lawsuit. During the relevant period giving rise to this action, Cook County was the employer of ASA Gerardo Tristan and ASA Jason Coelho.

**ALLEGED CRIME AND DEFENDANTS' MISCONDUCT**

19. The Sheriff has a policy or practice under which it brings charges against innocent citizens for crimes they have not committed.

20. The Sheriff has a policy or practice under which it arrests and detains citizens without proper investigation but based on unreliable and unlawfully obtained witnesses' accounts.

21. The Sheriff has a policy or practice of conducting unlawfully coercive interrogatories of witnesses, suspects and arrestees to obtain confessions and false implication of others.

22. The Sheriff has a policy or practice of failing to pursue legitimate, potentially exculpatory evidence.

23. The Sheriff's policy or practice is to hold arrested citizens in detention pending the thorough investigation into their alleged crimes.

24. The Sheriff intentionally waits for an excessive amount of time to complete their thorough investigation into the alleged crimes, thus leaving arrested citizens to linger in jail for an excessive period of time for crimes they did not commit and for which they should not have been arrested in the first place.

25. These and other aspects of the Sheriff's policies or practices result in the wrongful detention of individuals that is unconstitutional.

26. The policies or practices described above apply equally to every single acquitted detainee and are so widespread, permanent and well settled that they constitute a custom or usage with the force of law.

27. Harris was subjected to the exact same policies and procedures set forth above.

28. On December 2, 2014, the CCDOC police along with other agencies came into Plaintiff's home with guns drawn on everyone and, without a warrant, forcibly took him out barefoot and arrested him.

29. He was charged with the double murders of Ephrom Jones and Cyrus Jones.

30. Detective Burke, ASA Tristan and ASA Coelho participated in the shoddy investigative process of the alleged crimes.

31. The first degree murder charges of Ephrom Jones and Cyrus Jones were signed by Detective Burke.

32. The Cook County State's Attorney's Office gave felony approval to charge Harris with the first degree murders of Ephrom Jones and Cyrus Jones.

33. At the bond hearing and without any physical evidence, fingerprint, DNA, ballistic or other evidence linking Harris to the crime, ASA Coelho testified that Harris opened fire on Efron Jones and Cyrus Jones, the car occupants, striking both of them multiple times causing their death.

34. In response to the Court's question, ASA Coelho identified Harris as the individual who approached the car and opened fire.

35. Based on ASA Coelho's uncorroborated false and manufactured testimony, the Court found probable cause to detain Harris, stating that Gerstein was satisfied.

36. Bond was set at three million dollars ($3,000,000.00).

37. There was no physical evidence, fingerprint, DNA, ballistic or other evidence linking Harris to these murders.

38. The Cook County Sheriff's Department ["CCSD"] and CCSAO had the real shooters in custody and they were released.

39. Detective Burke made numerous statements to the Plaintiff's mother and sisters acknowledging that he knew the Plaintiff was innocent.

40. Detective Burke stated to the Plaintiff's mother: "I can look in his eyes and see that he didn't kill anybody" but "your son's hanging around with the wrong guys. I'm sorry for your loss."

41. Detective Burke knew the Plaintiff was innocent, but due to his lack of cooperation, he stated the would "just have to fight it in court" with total disregard for the irreversible damage he was causing and caused this young man's life and his family.

42. The CCSAO knew almost a year ago that the Plaintiff was not guilty.

43. The CCSAO continued to let this young man sit in maximum security jail knowing that he was not guilty.

44. As a further result of the egregious conduct by law enforcement, Harris was permanently and severely injured.

45. He was held in maximum security jail where he was kept like a caged animal on lock down 23 out of 24 hours most days.

46. He was abused in jail, hit in the face with a dinner tray, constantly threatened by other inmates and made to live in fear for his safety and the safety of his family every day.

47. He was subjected to rats and roaches and mold and contacted eye infection.

48. He had to have surgery performed on his eyes while in the custody of CCDOC.

49. Harris' mother was in good health until her son was falsely arrested, charged, and incarcerated and due to the stress of her son being in jail unjustly on her and her family, she now has congestive heart failure, requires 24/7 oxygen tank, and has anxiety.

50. Harris had no substantial criminal background and had never been in jai.

51. He was a vegetarian when he went into jail but was forced to eat baloney sandwiches.

52. He spent two and half (2.55) years or nine hundred and four days in maximum security for a crime he did not commit and all these Defendants knew that he did not commit the crime.

53. After his arrest, CCSD in concert with CCSAO conducted investigations of the alleged crime.

54. Deputy Sheriffs Leslie Pratts, Star No. 120; Judith Powe, Star No. 682; Michael Storino, Star No. 364; Steven Bialczak, Star No. 148; Conrad Edgett, Star No. 428, Michael Gleason, Star No. 96, and Gary Contreras, Star No. 306 also participated in the investigative process.

55. Harris gave them his alibi that he was drinking alcohol at a residence on 13th Street from November 1 through November 2, 2014 at the time of the murders of Ephrom Jones and Cyrus Johnson.

56. CCSD and CCSAO did not bother to investigate Harris' alibi.

57. After a witness allegedly identified Harris, they concocted a scheme to fabricate the murder case against Harris.

58. They did not conduct further thorough investigations despite having the actual killers in their custody.

59. There was no physical evidence, fingerprint, DNA, ballistic, other evidence or any confession linking Harris to the crime.

60. These Defendants working individually and together, prepared false reports in which they falsely charged Plaintiff with a crime he did not commit and failed to record their physical and psychological coercion of the Plaintiff in their custody, and their charges had been concocted by them and were false. Some of their notes from the investigation and their interrogation of Plaintiff were destroyed, in violation of 725 ILCS 5-114/13.

61. ASA Tristan and ASA Coelho were directly involved in obtaining the false evidence relied on to charge Harris.

62. ASA Tristan and ASA Coelho were engaged in the investigation every step of the way, before any probable cause existed.

63. ASA Tristan ultimately approved the facts and findings of the investigation which led to Harris being charged with two (2) counts of first degree murder in violation of 720 ILCS 5/9-1.

64. Defendant Burke, Sheriff Police Officers Pratts, Powe, Storino, Bialczak, Edgett, Gleason, and Contreras prepared false police reports approved by ASA Tristan and which led ASA Coelho to continue the prosecution of the Plaintiff.

65. At no point did Defendant Burke, these Sheriff Police Officers or ASA Tristan and ASA Coelho identify or produce any physical evidence that linked Harris to the crime.

66. The failure of these Defendant prosecutors to dismiss the charges against Harris despite knowing that he was innocent of the charges demonstrates their complicity in framing an innocent man.

67. After the arrest of Plaintiff, a whole series of damaging statements were released by Defendant Cook County Sheriff and were published by various news media including CBS, NBC, ABC, WGN, FOX News, Chicago Tribune and Chicago Sun-Times.

68. One of the most damaging statements made by Defendant Sheriff was that, "Harris was arrested Tuesday at a home in Chicago Heights after sheriff's police identified him as the shooter in a double homicide. . ." Chicago Sun-Times, December 4, 2014.

### Count I - 42 U.S.C. §1983
### Federal Malicious Prosecution and Due Process

69. Plaintiff reincorporates and realleges the allegations in each preceding paragraphs of this Complaint as if fully restated herein.

70. Defendants Burke, ASA Tristan and ASA Coelho, jointly and in conspiracy, as well as under color of law and within the scope of their employment, deprived Harris of his constitutional rights to due process.

71. All these Defendants fabricated evidence which caused Harris to be maliciously prosecuted for crimes for which he was innocent resulting in the deprivation of his

liberty in violation of his procedural and substantive right to due process guaranteed by the Fourteenth Amendment and right to be free of unreasonable seizures guaranteed by the Fourth and Fourteenth Amendments.

72. These Defendants caused Harris to be improperly subjected to judicial proceedings for which there was no physical evidence, fingerprint, DNA, ballistic, other evidence or any confession linking him to the crimes other than witness identification and other fabricated evidence to falsely implicate him.

73. These Defendants pursued Harris' criminal prosecution for double murders despite the lack of any physical evidence, fingerprint, DNA, ballistic, other evidence or any confession linking him to the crimes

74. These Defendants manufactured false reports and evidence which misled and misdirected the criminal prosecution to Harris' detriment.

75. The fabricated evidence violated Harris' due process rights when it was used to deprive him of his liberty, and then, used as illegitimate probable cause for Harris' arrest, detention, indictment and continued prosecution.

76. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Harris' favor after the State, on its motion, dismissed the murder charges against Harris.

77. These defendants accused Harris of grave criminal conduct despite knowing that those accusations were without legitimate probable cause.

78. As a result of this violation of his Fourth and Fourteenth Amendment Constitutional rights, Harris suffered injuries, including but not limited to his loss of liberty and emotional distress.

## Count II - 42 U.S.C. §1983
## Conspiracy to Deprive Harris of His Constitutional Rights

79. Plaintiff reincorporates and realleges the allegations in each preceding paragraphs of this Complaint as if fully restated herein.

80. Defendants Burke, Deputy Sheriff Police Officers Pratts, Powe, Storino, Bialczak, Edgett, Gleason, and Contreras, ASA Tristan and ASA Coelho, acting within the scope of their employment and under color of law, falsely implicated Harris for he double murders and deprived him of his constitutional rights, including but not limited to his rights to due process, and the right to be free from evidence fabricated against him and subsequently used to indict, detain and prosecute him.

81. These defendants conspired to deprive Harris of potentially exculpatory information to which he was lawfully entitled and which would have led him not being charged if they had simply performed fundamental investigative methods.

82. These defendants conspired by concerted action to accomplish an unlawful purpose by unlawful means.

83. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was otherwise a willful participant in joint activity.

84. Defendants willfully conspired with malice and/or reckless indifference to the rights of Harris.

85. Harris' rights were violated, and he suffered physical harm, financial damages, and severe emotional distress and anguish as a direct and proximate result of the Defendants' unlawful acts.

## Count III - 42 U.S.C. §1983
### Monell Policy Claim Against the Sheriff of Cook County Department

86.    Plaintiff reincorporates and realleges the allegations in each preceding paragraphs of this Complaint as if fully restated herein.

87.    At all times relevant, Defendant Sheriff of Cook County Department's policy makers with final policymaking authority and the Supervisors ratified, condoned, and facilitated the following policies, practices and customs within the Sheriff of Cook County Department:

    a.    The Sheriff has a policy or practice under which it brings charges against innocent citizens for crimes they have not committed.

    b.    The Sheriff has a policy or practice under which it arrests and detains citizens without proper investigation but based on unreliable and unlawfully obtained witnesses' accounts.

    c.    The Sheriff has a policy or practice of conducting unlawfully coercive interrogatories of witnesses, suspects and arrestees to obtain confessions and false implication of others.

    d.    The Sheriff has a policy or practice of failing to pursue legitimate, potentially exculpatory evidence.

    e.    The Sheriff's policy or practice is to hold arrested citizens in detention pending the thorough investigation into their alleged crimes.

    f.    The Sheriff intentionally waits for an excessive amount of time to complete their thorough investigation into the alleged crimes, thus leaving arrested

citizens to linger in jail for an excessive period of time for crimes they did not commit and for which they should not have been arrested in the first place.

g.    These and other aspects of the Sheriff's policies or practices result in the wrongful detention of individuals that is unconstitutional.

h.    The policies or practices described above apply equally to every single acquitted detainee and are so widespread, permanent and well settled that they constitute a custom or usage with the force of law.

88. Harris was subjected to the exact same policies and procedures set forth above.

89. As a result of the Sheriff's policies and practices described above, the members of the Sheriff of Cook County Department, acted with impunity when citizens' civil rights are violated, including those of Harris.

90. The Sheriff's failure to train, supervise, and discipline its Officers effectively condoned, ratified, and sanctioned these Officers' violation of Harris' constitutional rights.

91. The Officers of the Sheriff of Cook County Department acted pursuant to the Sheriff of Cook County Department's policies and practices described above.

92. The Sheriff of Cook County Department maintained and implemented its policies and practices described above with deliberate indifference to Harris' constitutional rights.

93. Harris' rights were violated, and he suffered physical harm, financial damages, and severe emotional distress and anguish as a direct and proximate result of the Sheriff of Cook County Department's policies, practices, and customs.

94. The Sheriff of Cook County Department is liable for its Officers' misconduct.

## Count IV - State Law Claim
## Civil Conspiracy

95. Plaintiff reincorporates and realleges the allegations in each preceding paragraphs of this Complaint as if fully restated herein.

96. Defendants conspired by concerted action to accomplish an unlawful purpose by unlawful means.

97. In furtherance of the conspiracy, these Defendants committed overt acts and were otherwise willful participants in joint activity in furtherance of the conspiracy.

98. The misconduct described above was undertaken by these Defendants with malice, willfulness and reckless indifference to the rights of Harris.

99. Harris suffered damages, including severe emotional distress and anguish as a proximate result of Defendants' misconduct and conspiracy to engage in misconduct.

## Count V - State Law Claim
## Malicious Prosecution

100. Plaintiff reincorporates and realleges the allegations in each preceding paragraphs of this Complaint as if fully restated herein.

101. Defendants Burke, Deputy Sheriff Police Officers Pratts, Powe, Storino, Bialczak, Edgett, Gleason, and Contreras, ASA Tristan and ASA Coelho caused Harris to be improperly subjected to judicial proceedings for which there was no legitimate probable cause by knowingly providing falsified statements to ensure that Harris would be arrested and prosecuted for crimes that he did not commit.

102. Defendants Burke, Deputy Sheriff Police Officers Pratts, Powe, Storino, Bialczak, Edgett, Gleason, and Contreras, ASA Tristan and ASA Coelho prepared or made false statements and employed faulty eyewitnesses' identification that implicated Harris in crimes that he did not commit. Defendants Burke, Deputy Sheriff Police Officers Pratts, Powe, Storino, Bialczak, Edgett, Gleason, and Contreras produced police reports that were conspicuously devoid of routine investigative methods that would have quickly exonerated Harris of the alleged crimes he did not commit.

103. All such judicial proceedings were terminated in Harris' favor.

104. The proceedings were instituted and continued maliciously, resulting in injury to Harris. Defendants Burke, Sheriff Police Officers Pratts, Powe, Storino, Bialczak, Edgett, Gleason, and Contreras, ASA Tristan and ASA Coelho acted with malice, willfulness and reckless indifference to Harris' rights.

105. Harris sustained and continues to sustain injuries, including but not limited to physical injury, loss of liberty and pain and suffering because of Defendants' misconduct.

**COUNT VII - State Law Claim**
**(745 ILCS 10/9-102 – Indemnification – Cook County)**

106. Plaintiff reincorporates and realleges the allegations in each preceding paragraphs of this Complaint as if fully restated herein.

107. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

108.  Cook County must indemnify the Defendants Officer Burke, ASA Tristan and ASA Coelho for all judgments entered against them.

**COUNT VII**
**COUNT VIII - State Law Claim**
**(Respondeat Superior - Cook County)**

109.  Plaintiff reincorporates and realleges the allegations in each preceding paragraphs of this Complaint as if fully restated herein.

110.  In committing the acts above, Defendants Burke was a member and agent of CCSD and Cook County, and was acting at all relevant times within the scope of his employment and under color of law.

111.  In committing the acts above, ASA Tristan and ASA Coelho were members and agents of CCSAO and Cook County, and were acting at all relevant times within the scope of their employment and under color of law.

112.  Defendant Cook County is liable as a principle for all torts committed by its agents.

**<u>JURY DEMAND</u>**

Plaintiff Ladarius Harris demands a trial by jury pursuant to Federal Rules of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

**LADARIUS HARRIS**


By:      /s/  Paul O. Otubusin
                One of His Attorneys


Page 17 of  19

Dated: September 26, 2018          Paul O. Otubusin, Esq.
                                   ARDC No: 6205261
                                   **OTUBUSIN & ASSOCIATES, P.C.**
                                   77 West Washington Street
                                   Suite 1204
                                   Chicago, Illinois  60602
                                   E-mail: drotubusin@otubusinlaw.com
                                   (312) 251-1480
                                   (312) 251-1481 (Fax)

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was filed electronically on September 26, 2018. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's ECM/CF Electronic system.

By:     /s/ Paul O. Otubusin
One of His Attorneys

Dated: September 26, 2018

Paul O. Otubusin, Esq.
ARDC No: 6205261
**OTUBUSIN & ASSOCIATES, P.C.**
77 West Washington Street
Suite 1204
Chicago, Illinois 60602
E-mail: drotubusin@otubusinlaw.com
(312) 251-1480
(312) 251-1481 (Fax)