# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

LADARIUS HARRIS,                              )
                                             )
        Plaintiff,                            )        No.:  17 CV 4184
                                             )
                vs.                           )        Judge: Charles P Kocoras
                                             )
COOK COUNTY, SHERIFF OF COOK                  )
COUNTY, DANIEL BURKE,                         )
                                             )
        Defendants.                           )

## THIRD AMENDED COMPLAINT

1.      This is an action for money damages brought pursuant to 42 U.S.C. § 1983.

2.      Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. §1367(a).

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4.      Plaintiff is a 24-year-old resident of Park Forest, Illinois.

5.      Defendant Cook County Sheriff's Police Officer Daniel Burke (Star # 961) is a duly appointed and sworn Cook County Sheriff's police officer.

6.      At all times relevant to this Complaint, Burke was acting in the course and scope of his employment, and under color of state law, ordinance and/or regulation.

7.      Burke is sued in his individual capacity.

8.      Defendant Sheriff of Cook County is sued in his official capacity as the employer and indemnifier of Defendant Burke.

9.      Plaintiff joins Cook County, Illinois, pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003).

**Facts**

10. On November 2, 2014, two men were killed in Ford Heights, Illinois.

11. The same day, Cook County Sheriff's police officers began investigating the shooting.

12. The Cook County Sheriff's Police Department provides law enforcement services for Ford Heights, pursuant to an intergovernmental agreement between Cook County and Ford Heights, Illinois.

13. Defendant Burke was assigned to lead the investigation into the shooting.

14. During the course of the investigation, Detective Burke and other currently unknown Cook County Sheriff's police officers took steps to falsely implicate the Plaintiff in the November 2, 2014, shooting.

15. Burke and unknown officers knowingly, intentionally, and falsely implicated Plaintiff as being responsible for this shooting, despite a lack of physical evidence or reliable evidence of any kind implicating him in the shooting.

16. Burke and unknown officers knowingly, intentionally, and falsely implicated Plaintiff as being responsible for this shooting, despite knowing Plaintiff had a credible alibi.

17. Burke and unknown officers purposely misrepresented the facts and ignored exculpatory evidence that exonerated Plaintiff in order to falsely implicate him in this shooting.

18. Burke and unknown officers knowingly, intentionally, and falsely implicated Plaintiff as being responsible for this shooting, despite knowing other individuals were responsible for the crime.

19. Burke and unknown officers prepared false and misleading police reports implicating Plaintiff in this shooting, knowing that those reports would form the basis of criminal charges.

20. Burke and unknown officers had no credible evidence of Plaintiff's involvement in this shooting, other than false and manufactured statements in police reports.

21. On December 2, 2014, as a result of the investigation of Burke and other unknown officers, Plaintiff was arrested for the murder of the deceased men.

22. Based on the intentionally false investigation, reports, and testimony by Burke and unknown officers, Plaintiff was subsequently indicted on multiple counts of first-degree murder, case number: 14 CR 22241, Circuit Court of Cook County.

23.  Plaintiff was held on a $3,000,000.00 D-bond which required that he post $300,000.00 to obtain his freedom from the county jail while fighting his criminal case.

24.  The bond amount was far in excess of what he and his family could afford.

25.  As a result, Plaintiff was detained in the Cook County Jail during his prosecution.

26.  Throughout the duration of Plaintiff's prosecution, Burke and unknown officers took significant steps to continue the prosecution of Plaintiff, even though they knew there was no probable cause to do so, through drafting reports, communicating with the state's attorney's office, appearing in court and testifying in court proceedings, to further the false prosecution of the Plaintiff.

27.  Burke and unknown officers implicated Plaintiff in this shooting and acted to commence and continue his prosecution, despite knowing they did not have probable cause that Plaintiff was involved in this crime. In fact, they knew they had the wrong perpetrator, but acted to prosecute him anyway in order to cover up for their own misconduct and mishandling of the investigation into this serious shooting.

28.  Due to the severity of his charges, Plaintiff was housed in a maximum-security wing of the Cook County jail throughout the duration of his prosecution, which required that he remain in his cell for 23 hours a day, most days.

29.  While detained in the Cook County jail during his prosecution, Plaintiff was abused, threatened and attacked by other inmates, forced to eat meat even though he was a vegetarian, subjected to inhumane conditions including rats, roaches, and mold in his cell, among other horrible indignities.

30.  During this time, Burke and other unknown officers knew they did not have probable cause to prosecute Plaintiff; however, they took steps to commence and continue his prosecution and failed to take steps to bring the truth to light.

31.  On May 26, 2017, all of the criminal charges against Plaintiff were dismissed by the Cook County State's Attorney's Office because it was abundantly clear that Plaintiff was innocent of the crime.

32.  As a result of the foregoing, Plaintiff spent a total of 2.5 years (904 days) in a maximum-security section of the Cook County Jail.

33.  Burke personally participated in the unlawful conduct and acted jointly and in concert with the other yet-to-be-identified officers, who participated or acquiesced in the unlawful conduct, or failed to intervene to stop the unlawful conduct.

34. As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages including physical pain and suffering, emotional distress, loss of freedom, and pecuniary damages.

### COUNT I
**(42 U.S.C. § 1983 Fourth Amendment Claim for Unlawful Detention)**

35. Plaintiff re-alleges the above paragraphs as if fully set forth herein.

36. Plaintiff was detained in custody in Cook County Jail, during the time was being prosecuted, as a result of the actions of Burke and other officers.

37. There was no probable cause to arrest, detain and prosecute Plaintiff for first degree murder.

38. Burke and unknown officers, knowing that probable cause did not exist, acted individually, jointly, and/or in conspiracy, to cause Plaintiff to be arrested, detained and prosecuted for first degree murder, and/or failed to intervene knowing that Plaintiff was being detained without probable cause for first degree murder, thereby violating Plaintiff's right to be free from unreasonable seizures guaranteed to him by the Fourth and Fourteenth Amendments of the United States Constitution.

WHEREFORE, Plaintiff asks that this Honorable Court:
   a) Enter judgment against Defendant-Officers,
   b) Award Plaintiff compensatory and punitive damages,
   c) Award attorneys' fees and costs, and
   d) Award any further relief that this Honorable Court deems just and equitable.

### COUNT II
**(42 U.S.C. § 1983 – Civil Conspiracy)**

39. Plaintiff re-alleges the above paragraphs as if fully set forth herein.

40. Defendant-Officers (Burke and unknown officers) acted in concert pursuant to an agreement to deprive Plaintiff of his constitutional right to be free from unreasonable seizure, prosecution, and detention without probable cause.

41. Burke and unknown officers knowingly and intentionally schemed and worked together in a common plan to falsely arrest and charge Plaintiff, to write false reports, to testify falsely before the grand jury, and to commence and continue the prosecution of the Plaintiff.

42. As described above, Plaintiff suffered harm and injury as a result of the Defendants' conspiracy to deprive him of his constitutional right to be free from unlawful detention.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against the individual Defendants,

b) Award Plaintiff compensatory and punitive damages,

c) Award Plaintiff attorney's fees and costs, and

d) Award such other relief that this Honorable Court deems just and equitable.

## COUNT III
### (State Law Claim for Malicious Prosecution)

43. Plaintiff re-alleges the above paragraphs as if fully set forth herein.

44. Defendant Burke, in conjunction with unknown officers, commenced and/or continued false criminal charges / prosecution against Plaintiff for first degree murder.

45. They did so with malice.

46. There was no probable cause for such charges.

47. The charges were terminated in a manner favorable to Plaintiff.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
### (Claim for Indemnification pursuant to 745 ILCS 10/9-102)

48. The acts of the Defendant-Officers described above were committed in the scope of employment.

49. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, the Sheriff of Cook County is liable for any judgments in this case arising from Burke and yet to be named unknown Sheriff's police officer's actions.

WHEREFORE, Plaintiff asks that upon a judgment for the Plaintiff, this Honorable Court order the Sheriff of Cook County to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**COUNT V**
**(State law claim for *Respondeat Superior*)**

50.     The acts of Burke and unknown Sheriff's police officers, as described above, were committed in the scope of employment.

51.     As principal and employer, Defendant Sheriff of Cook County is liable for its agents' actions under the doctrine of *respondeat superior.*

WHEREFORE, Plaintiff asks that upon judgement for Plaintiff this Honorable Court find Defendant Sheriff of Cook County liable for the actions of Burke and yet to be identified Sheriff's police officers for any judgment entered in this case arising from their actions.

**Plaintiff demands a trial by jury on all claims.**

Respectfully submitted,

/s/ Sara Garber
*Counsel for Plaintiff*

Sara A. Garber
Thedford Garber Law
53 West Jackson Blvd., Suite 638
Chicago, Illinois 60604
O: 312-614-0866
E: sara@thedfordgarberlaw.com
F: 312-754-8096