UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LADARIUS HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | No.: 17 CV 4184 |
| | ) | |
| vs. | ) | Judge: Charles P Kocoras |
| | ) | |
| COOK COUNTY, SHERIFF OF COOK COUNTY, DANIEL BURKE, LESLIE PRATTS, and JUDITH POWE | ) ) ) ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

**FOURTH AMENDED COMPLAINT**

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. §1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**Parties**

4. Plaintiff is a 24-year-old resident of Park Forest, Illinois.

5. Defendant-Officers Cook County Sheriff's police officer Daniel Burke (Star # 961), Cook County Sheriff's police officer Leslie Pratts (Star # 966), and Cook County Sheriff's police officer Judith Powe (Star #962) are duly appointed and sworn Cook County Sheriff's police officers.

6. At all times relevant to this Complaint, Defendant-Officers Burke, Pratts, and Powe were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

7. Defendant-Officers Burke, Pratts, and Powe are sued in their individual capacity.

8. Defendant Sheriff of Cook County is sued in his official capacity as the employer and indemnifier of Defendant-Officers Burke, Pratts, and Powe.

1

9. Plaintiff joins Cook County, Illinois, pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003).

**Facts**

10. On November 2, 2014, two men were shot and killed at or near the location of 1524 Park Street in Ford Heights, Illinois.

11. The same day, Cook County Sheriff's police officers began investigating the shooting.

12. The Cook County Sheriff's Police Department provides law enforcement services for Ford Heights, pursuant to an intergovernmental agreement between Cook County and Ford Heights, Illinois.

13. Defendant Burke was assigned to lead the investigation into the shooting and he worked alongside Defendants Pratts and Powe and other Cook County Sheriff's officers to investigate the shooting.

14. During the course of the investigation, Detectives Burke, Pratts, and Powe (collectively referred to as Defendant-Officers), along with other Cook County Sheriff's police officers who were assigned to investigate the shooting, took steps to falsely implicate the Plaintiff in the November 2, 2014, shooting.

15. Defendant-Officers and other officers knowingly, intentionally, and falsely implicated Plaintiff as being responsible for this shooting, despite a lack of physical evidence, lack of reliable eye witness evidence, and lack of evidence of any kind implicating Plaintiff in the shooting.

16. Specifically, Defendant-Officers and other officers, after interviewing numerous witnesses and examining the crime scene and other physical evidence, purposely misrepresented facts and ignored exculpatory evidence that exonerated Plaintiff to make it appear in their reports that Plaintiff was implicated by multiple eye witnesses, when he was not.

17. In fact, there were no reliable eye witnesses that identified Plaintiff as the shooter.

18. Defendant-Officers and other officers put false and misleading information in their sworn police reports in order to make it appear that witnesses had identified the Plaintiff as the shooter, when they had not.

19.     When witnesses could not identify Plaintiff, Defendant-Officers and other officers put undue and unlawful pressure on witnesses to encourage them to change their testimony and implicate the Plaintiff as being involved in the shooting, despite knowing that those witnesses could not honestly provide such information.

20.     Defendant-Officers and other officers knowingly, intentionally, and falsely implicated Plaintiff as being responsible for this shooting, despite knowing other individuals were responsible for the crime.

21.     Defendant-Officers and other officers prepared false and misleading police reports implicating Plaintiff in this shooting, knowing and intending that those reports would form the basis of criminal charges.

22.     Defendant-Officers and other officers provided false and misleading testimony before the Grand Jury about the presence of reliable eye witnesses and other evidence in order to obtain a felony indictment against the Plaintiff.

23.     Defendant-Officers and other officers delayed in turning over reports to the State's Attorney's Office and gave false and misleading information to the State's Attorney's Office about the existence of reliable eye witnesses and other evidence in order to obtain a felony indictment against the Plaintiff and to continue the criminal prosecution of the Plaintiff.

24.     Defendant-Officers and other officers had no credible evidence of Plaintiff's involvement in this shooting, other than false and manufactured statements in police reports.

25.     Defendant-Officers and other officers knowingly, intentionally, and falsely implicated Plaintiff as being responsible for this shooting, knowing and intending that their actions would result in the arrest, prosecution, and detention of the Plaintiff.

26.     On December 2, 2014, as a result of the investigation of Defendant-Officers, and the false and misleading statements and reports, Plaintiff was arrested for first degree murder.

27.     Based on the intentionally false investigation, reports, and testimony by Defendant-Officers, and unknown officers, Plaintiff was subsequently indicted on multiple counts of first-degree murder, case number: 14 CR 22241, Circuit Court of Cook County.

28.     Due to the severity of the charges, Plaintiff was held on a $3,000,000.00 D-bond which required that he post $300,000.00 to obtain his freedom from the county jail while fighting his criminal case.

29.     The bond amount was far in excess of what he and his family could afford.

30. As a result, Plaintiff was detained in the Cook County jail during his prosecution.

31. Throughout the duration of Plaintiff's prosecution, Defendant-Officers took significant steps to continue the baseless prosecution of Plaintiff, including but not limited to: delaying in providing discovery to the State's Attorney's Office which would reveal the misrepresentations in their reports and testimony, providing false and misleading information and reports to the State's Attorney's Office, and appearing and testifying in court and court proceedings with false and misleading information, even though they knew there was no probable cause to do so.

32. Defendant-Officers implicated Plaintiff in this shooting and acted to commence and continue his prosecution, despite knowing they did not have probable cause that Plaintiff was involved in this crime. In fact, they knew they had the wrong perpetrator, but acted to prosecute him anyway in order to cover up for their own misconduct and own mishandling of the investigation into this serious shooting.

33. Due to the severity of his charges, Plaintiff was housed in a maximum-security wing of the Cook County jail throughout the duration of his prosecution, which required that he remain in his cell for 23 hours a day, most days.

34. While detained in the Cook County jail during his prosecution, Plaintiff was abused, threatened and attacked by other inmates, forced to eat meat even though he was a vegetarian, subjected to inhumane conditions including rats, roaches, and mold in his cell, among other horrible indignities.

35. During this time, Defendant-Officers knew they did not have probable cause to prosecute Plaintiff and knew they had provided misleading information to the State's Attorneys about the presence of eye witnesses identifying the Plaintiff, however, they took steps to commence and continue his prosecution and failed to take steps to bring the truth to light.

36. On May 26, 2017, all of the criminal charges against Plaintiff were dismissed by the Cook County State's Attorney's Office because it was abundantly clear that Plaintiff was innocent of the crime and that there was no probable cause to continue his prosecution and detention.

37. As a result of the foregoing, Plaintiff spent a total of 2.5 years (904 days) in a maximum-security section of the Cook County Jail.

38. Defendant-Officers personally participated in the unlawful conduct and acted jointly and in concert with the other officers, who participated or acquiesced in the unlawful conduct, or failed to intervene to stop the unlawful conduct.

39. As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages including physical pain and suffering, emotional distress, loss of freedom, and pecuniary damages.

## COUNT I
### (42 U.S.C. § 1983 Fourth Amendment Claim for Unlawful Detention)

40. Plaintiff re-alleges the above paragraphs as if fully set forth herein.

41. Plaintiff was detained in custody in Cook County jail, during the time was being prosecuted, as a result of the actions of Defendant-Officers and other officers.

42. There was no probable cause to arrest, detain and prosecute Plaintiff for first degree murder.

43. Defendant-Officers and other officers, knowing that probable cause did not exist, acted individually, jointly, and/or in conspiracy, to cause Plaintiff to be arrested, detained and prosecuted for first degree murder, and/or failed to intervene knowing that Plaintiff was being detained without probable cause for first degree murder, thereby violating Plaintiff's right to be free from unreasonable seizures guaranteed to him by the Fourth and Fourteenth Amendments of the United States Constitution.

WHEREFORE, Plaintiff asks that this Honorable Court:
  a) Enter judgment against Defendant-Officers,
  b) Award Plaintiff compensatory and punitive damages,
  c) Award attorneys' fees and costs, and
  d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Civil Conspiracy)

44. Plaintiff re-alleges the above paragraphs as if fully set forth herein.

45. Defendant-Officers and other offices acted in concert pursuant to an agreement to deprive Plaintiff of his constitutional right to be free from unreasonable seizure, prosecution, and

detention without probable cause, in order to cover up for their own misconduct in handling the prosecution of this serious crime and in order to make it appear as if they had the right suspect in custody.

46. Defendant-Officers and other officers knowingly and intentionally schemed and worked together in a common plan to arrest and charge Plaintiff, to write false reports, to testify falsely before the grand jury, and to commence and continue the prosecution of the Plaintiff without probable cause.

47. As described above, Plaintiff suffered harm and injury as a result of the Defendants' conspiracy to deprive him of his constitutional right to be free from unlawful detention.

WHEREFORE, Plaintiff asks that this Honorable Court:

    a) Enter judgment against the individual Defendants,

    b) Award Plaintiff compensatory and punitive damages,

    c) Award Plaintiff attorney's fees and costs, and

    d) Award such other relief that this Honorable Court deems just and equitable.

## COUNT III
### (State Law Claim for Malicious Prosecution)

48. Plaintiff re-alleges the above paragraphs as if fully set forth herein.

49. Defendant-Officers, in conjunction with other officers, commenced and/or continued false criminal charges / prosecution against Plaintiff for first degree murder.

50. They did so with malice.

51. There was no probable cause for such charges.

52. The charges were terminated in a manner favorable to Plaintiff.

53. Plaintiff suffered damages as a result.

WHEREFORE, Plaintiff asks that this Honorable Court:

    a) Enter judgment against Defendant-Officers,

    b) Award Plaintiff compensatory and punitive damages,

    c) Award costs, and

    d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
### (Claim for Indemnification pursuant to 745 ILCS 10/9-102)

54. The acts of the Defendant-Officers described above were committed in the scope of employment.

55. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, the Sheriff of Cook County is liable for any judgments in this case arising from Defendant-Officer's actions.

WHEREFORE, Plaintiff asks that upon a judgment for the Plaintiff, this Honorable Court order the Sheriff of Cook County to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

## COUNT V
### (State law claim for *Respondeat Superior*)

56. The acts of Defendant-Officers and other officers, as described above, were committed in the scope of employment.

57. As principal and employer, Defendant Sheriff of Cook County is liable for its agents' actions under the doctrine of *respondeat superior.*

WHEREFORE, Plaintiff asks that upon judgement for Plaintiff this Honorable Court find Defendant Sheriff of Cook County liable for the actions of Defendant-Officers and other Sheriff's police officers for any judgment entered in this case arising from their unlawful actions.

**Plaintiff demands a trial by jury on all claims.**

Respectfully submitted,

/s/ Sara Garber
*Counsel for Plaintiff*

Sara A. Garber
Thedford Garber Law
53 West Jackson Blvd., Suite 638
Chicago, Illinois 60604
O: 312-614-0866
E: sara@thedfordgarberlaw.com
F: 312-754-8096